# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**

January 20, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 19-1062** (BOR Appeal No. 2054299)
(Claim No. 2018016156)

**BENJAMIN PARSONS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Counsel Denise D. Pentino and Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Benjamin Parsons, by Counsel Robert L. Stultz, filed a timely response.

The issues on appeal are temporary total disability benefits and medical benefits. The claims administrator closed the claim for temporary total disability benefits on July 2, 2018. In two separate Orders dated July 5, 2018, the claims administrator denied authorization for an evaluation by a neurologist and denied retroactive authorization for neuropsychological testing. The Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's decisions insofar as it denied an evaluation by a neurologist and affirmed the remainder of the claims administrator's decisions in its May 24, 2019, Order. The Order was affirmed by the Board of Review on October 21, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Parsons, a coal miner, was injured in the course of his employment on January 12, 2018, when he was struck in the head by a falling rock. Treatment notes from Wheeling Hospital Emergency Department that day indicate Mr. Parsons was struck in the head by a rock in the coal mine. He reported pain in the top of his head and in his right shoulder. Mr. Parsons denied neck pain, numbness, and tingling. The Employees' and Physician's Report of Injury was completed on

1

January 12, 2018, and indicated Mr. Parsons injured his head, neck, and back when he was struck in the head by a rock. The physicians' section was completed at Wheeling Hospital Emergency Department and listed the diagnoses as cervical strain and muscle spasms.

Mr. Parsons sought treatment from Ross Tennant, FNP, on January 16, 2018, where he reported headaches and dizziness as well as muscles spasms in his neck. Mr. Tennant diagnosed closed head injury, post-concussion syndrome, and cervical strain. Mr. Parsons was unable to work. On January 23, 2018, Mr. Parsons reported significant symptom improvement. His cervical pain and dizziness had completely resolved. Mr. Parsons requested to be released to return to work. Mr. Tennant stated that Mr. Parsons could return to work on January 24, 2018. The claim was held compensable for neck strain and unspecified head/face injury on January 26, 2018. Mr. Parsons was granted temporary total disability benefits from January 13, 2018, through January 23, 2018.

Mr. Parsons has a history of neck pain, back pain, and muscle spasms. On April 27, 2015, he was treated at Wheeling Hospital Physical Therapy for pain in the neck, right shoulder, left elbow, and right elbow. It was noted that there was no work-related injury involved. Mr. Parsons had previously been treated for the problems with corticosteroids. He was diagnosed with neck pain, left elbow pain, right elbow pain, and right shoulder pain.

On May 18, 2016, Vic Wood, D.O., indicated Mr. Parsons was seen for medication refill for the chronic conditions of lower back and neck pain due to a motorcycle accident that occurred years prior. He was diagnosed with chronic lower back pain, neck pain, anxiety, depression, and muscle spasms. A brain CT scan was performed on August 6, 2016, for dizziness and weakness. The results were normal.

Mr. Parsons was seen for the injury at issue on July 30, 2018, at Wheeling Hospital Emergency Room where he reported neck stiffness, dizziness, and headaches since his January 12, 2018, injury. Mr. Parsons stated that the headaches may be the result of breathing coal dust at work. A brain CT scan showed left frontal sinusitis. A cervical CT scan showed a soft tissue injury. Mr. Parsons was diagnosed with sinusitis, otitis media, muscle pain, and muscle spasms.

A February 1, 2018, treatment note by Mr. Tennant indicates Mr. Parsons reported muscle spasms in his neck and low back since returning to work on January 23, 2018. He stated that he was performing frequent shoveling. Mr. Tennant diagnosed closed head injury, post-concussive syndrome, cervical strain, and lumbar strain. Mr. Parsons's was to resume physical therapy and could not return to work. Mr. Parsons returned on February 22, 2018, and reported that physical therapy resolved his lumbar pain. His cervical spine pain, however, had worsened. The diagnoses remained the same. Mr. Parsons was unable to return to work. A cervical MRI performed on February 27, 2018, was unremarkable.

Alicia Puskar, PsyD, performed an evaluation on March 26, 2018, in which Mr. Parsons reported headache, dizziness, light sensitivity, memory difficulties, trouble concentrating, and irritability. Dr. Puskar opined that Mr. Parsons sustained a cerebral concussion on January 12, 2018. She found that vestibular-ocular motor testing showed patterns of provoked dizziness. Dr. Puskar recommended vestibular therapy evaluation. Mr. Parsons was able to return to light-duty

2

work. On April 23, 2018, Mr. Parsons reported headaches, fatigue, dizziness, balance problems, light and noise sensitivity, trouble with concentration, memory issues, anxiety, and sleep issues. Mr. Parsons further reported that he could not return to work and that he was having problems with his union. Dr. Puskar stated that Mr. Parsons could return to above ground work only. She stated that rest would not help Mr. Parsons and that he needed to increase his activities.

On May 16, 2018, Bill Hennessey, M.D., performed an independent medical evaluation in which he noted the compensable conditions as cervical sprain and head contusion. Dr. Hennessey noted that surveillance of Mr. Parsons taken in April of 2018 showed him raking, carrying a pipe, dumping dirt from a wheelbarrow, shoveling stone, carrying fishing poles, and digging a trench. On examination, Dr. Hennessey found full cervical range of motion with pain on the end range lateral rotation to his left side. Mr. Parsons had reached maximum medical improvement for the compensable conditions. Dr. Hennessey recommended no further treatment and found no residual permanent impairment.

Cervical x-rays were performed on May 21, 2018, for cervical pain but showed no abnormal findings. In a May 25, 2018, treatment note, Mr. Tennant noted that Mr. Parsons was seen for posttraumatic concussion symptoms and neck pain. Mr. Parsons reported that his biggest problems were headaches and vision changes. Mr. Tennant diagnosed persistent complaints of headache and post-traumatic concussion symptoms and cervicalgia.

In a June 6, 2018, treatment note, Ms. Puskar noted Mr. Parsons's symptoms as headache; dizziness; nausea; fatigue; light and noise sensitivity; issues with balance, concentration, memory, attention, and cognition; anxiety; irritability; and depression. Neurocognitive testing showed worsening symptoms. Mr. Parsons's was referred to neurology. Mr. Parsons's was allowed to perform above ground work only.

A June 27, 2018, treatment note by Victoria Kochick, PT, indicates Mr. Parsons's movements were self-limiting on examination. On July 24, 2018, Mr. Parsons reported that he drove ten hours to the beach and back, swam, and did a flip into the water. It was noted that Mr. Parsons did not participate in home physical therapy and that he had not followed behavior regulation suggestions.

The claims administrator closed the claim for temporary total disability benefits on July 2, 2018. On July 5, 2018, in two separate decisions, the claims administrator denied authorization for an evaluation by a neurologist and denied retroactive authorization for neuropsychological testing.

Mr. Parsons returned to Dr. Puskar on July 10, 2018, and admitted to not following recommendations to increase his activity. Dr. Puskar strongly advised him to return to his normal activities and supported any above ground work. On July 12, 2018, Mr. Parsons reported constant headaches, facial numbness, muscle spasms in his neck, blurred vision, fatigue, dizziness, and nausea to Mr. Tennant. The impression was closed head injury, post-concussive syndrome, cervical strain, and lumbar strain. On August 9, 2018, Mr. Parsons reported that trigger injections resolved his facial numbness. Mr. Tennant opined that Mr. Parsons could perform light-duty, above ground work only.

On September 12, 2018, Dr. Puskar opined that Mr. Parsons could return to full duty work on September 17, 2018. Mr. Parsons was seen on September 17, 2018, at Corporate Health. It was noted that Mr. Parsons had been released to return to full-duty work with no restrictions. Mr. Parsons reported that his symptoms had resolved and that he had been increasing his activities.

Mr. Parsons testified in a March 5, 2019, deposition that he had been under the care of a concussion specialist, a neurologist, and a physical therapist for six months. Mr. Parsons stated that he returned to work on January 24, 2018, for four or five days, but his symptoms worsened. He stopped working on January 30, 2018, and did not return for eight or nine months. He has since been released to return to full duty work. Mr. Parsons testified that he still has migraines. He denied any preexisting issues. Mr. Parsons stated that his symptoms prevented him from returning to work on January 14, 2018. His symptoms continued after he stopped receiving temporary total disability benefits on May 23, 2018. His symptoms improved, and he was able to return to full duty work in September of 2018.

The Office of Judges reversed the claims administrator insofar as it denied an evaluation by a neurologist and affirmed the remainder of the claims administrator's decisions closing the claim for temporary total disability benefits and denying a neurological evaluation in its May 24, 2019, Order. The Office of Judges found that temporary total disability benefits were suspended based on Dr. Hennessey's May 16, 2018, independent medical evaluation in which he found that Mr. Parsons had reached maximum medical improvement. The Office of Judges found that on June 6, 2018, Dr. Puskar stated in a treatment note that Mr. Parsons could return to above ground work. She further opined on July 10, 2018, that Mr. Parsons needed consistent, demanding work. She released Mr. Parsons to return to full-duty work on September 12, 2018. The Office of Judges found Dr. Hennessey's finding that Mr. Parsons had reached maximum medical improvement for the compensable conditions to be persuasive and further determined that Mr. Parsons's return to work was supported by his treating physician, Dr. Puskar.

Regarding the requested medical treatment, the Office of Judges found that the claims administrator denied an evaluation with a neurologist because Dr. Hennessey opined that Mr. Parsons required no further treatment and that he was not receiving treatment at that time. The Office of Judges found, however, that the opinion of Dr. Puskar was more persuasive. Dr. Puskar is a psychologist, and neuropsychological testing showed worsening of Mr. Parsons's symptoms and declined neurocognitive scores. Dr. Puskar opined that Mr. Parsons may be suffering from post-traumatic migraines and recommended referral to neurology for assessment. Mr. Parsons underwent such testing on July 10, 2018, and it showed continuing issues related to depression and post-traumatic migraines. The Office of Judges determined that though Dr. Hennessey found Mr. Parsons to be at maximum medical improvement, Dr. Puskar found that he required an evaluation by a neurologist. It therefore reversed the claims administrator's denial of an evaluation of a neurologist and authorized the treatment.

Lastly, the Office of Judges found that the request for neuropsychological testing was properly denied. It found that the claims administrator denied the request by statute. Pursuant to West Virginia Code of State Rules § 85-20-9.10, psychiatric treatment beyond an initial consultation requires prior review and authorization. Neuropsychological testing, as requested by

Mr. Parsons, therefore requires preauthorization, which was not obtained. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 21, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The claim was properly closed for temporary total disability benefits because Mr. Parsons was released to return to work. He was also found to be at maximum medical improvement. Authorization of a referral to a neurologist was properly authorized as it was found to be medically related and reasonable required treatment for the compensable injury. Lastly, retroactive authorization of neuropsychological testing was properly denied by statute.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

5